## SANSELO *v.* UNITED STATES.

CRIMINAL LAW; RAPE.

Whoever assaults a female child under sixteen years of age, with intent carnally to know and abuse her, is guilty of an atte_ _t to commit rape, and is hence punishable under sec. 803, D. C. Code [31 Stat. at L. 1321, chap. 854], providing "that every person convicted of any assault with intent * * * to commit rape * * * shall be sentenced to imprisonment for not more than fifteen years." (Citing *Sacks* v. *United States,* 41 App. D. C. 34.)

No. 2878.  Submitted February 8, 1916.  Decided March 6, 1916.

HEARING on an appeal by the defendant from a judgment of conviction of the Supreme Court of the District of Columbia, on an indictment for an assault with an intent to commit rape.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Daniel W. Baker, Mr. John J. Keenan,* and *Mr. Harry A. Grant* for the appellant.

Note.—As to civil liability for intercourse with a child under the age of consent, see note in 51 L.R.A.(N.S.) 982.

*Mr. John E. Laskey,* United States Attorney, and *Mr. Mabry C. Van Fleet,* Special Assistant United States Attorney, for the United States.

Mr. Justice Robb delivered the opinion of the Court:

This appeal is from a sentence of ten years in the penitentiary imposed upon the defendant, George Sanselo, in the supreme court of the District under sec. 803 of the Code [31 Stat. at L. 1321, chap. 854], the contention being that sentence should have been imposed, if at all, under sec. 805 or sec. 906 [31 Stat. at L. 1322 or 1337, chap. 854] thereof.

The indictment was in two counts, the first of which charged that the defendant "feloniously and wilfully did make an assault" upon a female named, with intent forcibly and against her will to ravish and carnally know her. The second count charged him with having feloniously and wilfully made an assault upon the same person with the intent her, the said person, "then and there feloniously to carnally know and abuse," she "being then and there a female child under the age of sixteen years, to wit, of the age of fourteen years." The jury, under a charge of the court to which no exception was taken, returned a verdict of not guilty on the first count and guilty on the second count. The defendant, by appropriate motions, then raised the question here involved.

It will first be necessary to examine sec. 808 of the Code, which we here reproduce:

"Sec. 808. Rape.—Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not less than five nor more than thirty years: *Provided,* That in any case of rape the jury may add to their verdict, if it be guilty, the words 'with the death penalty,' in which case the punishment shall be death by hanging: *Provided further,* that if the jury fail to agree as to the punish-

ment, the verdict of guilty shall be received and the punishment shall be imprisonment as provided in this section."

A reading of the above section discloses that whoever has carnal knowledge of a female forcibly and against her will, *or* carnally knows and abuses a female under the age of sixteen years, is guilty of the offense denounced; namely, rape. *Sacks* v. *United States,* 41 App. D. C. 34. Similar statutes have been similarly interpreted. *Com.* v. *Roosnell,* 143 Mass. 32, 8 N. E. 747; *Fenston* v. *Com.* 82 Ky. 549; *State* v. *Black,* 63 Me. 210; *McMath* v. *State,* 55 Ga. 303; *State* v. *Smith,* 9 Houst. (Del.) 588. Whoever has carnal knowledge of a woman forcibly and against her will is guilty of one phase of the crime denounced. Whoever carnally knows and abuses a female child under the age stated is guilty of the other phase of that crime.

It is contended that the concluding words of the section indicate a different intent, the argument being that Congress could not have intended to clothe the jury with power to cause the death penalty to be inflicted where the offense committed was upon a child approaching sixteen years of age, she consenting thereto. This argument is based upon a false premise, since the statute in effect declares that such a child is incapable of yielding a valid consent, thereby making the result in law the same regardless of her attitude, and rendering the question of consent immaterial. When a child under the age of consent has been defiled, the law conclusively presumes force on the part of her seducer. *Com.* v. *Rossnell,* 143 Mass. 32, 8 N. E. 747; *Singer* v. *People,* 13 Hun, 418. Even in the case of a woman, where the element of force is an essential ingredient of the crime, it is no defense that she did not protest or resist, if, in fact, by reason of drunkenness, stupefaction, or idiocy, she was incapable of yielding assent. *Com.* v. *McDonald,* 110 Mass. 405; *State* v. *Williams,* 149 Mo. 496, 51 S. W. 88; *Com.* v. *Burke,* 105 Mass. 376, 7 Am. Rep. 531; *People* v. *Schoonmaker,* 117 Mich. 190, 72 Am. St. Rep. 560, 75 N. W. 439; *Loose* v. *State,* 120 Wis. 115, 97 N. W. 526. The wisdom of clothing the jury with the discretion granted by the section un-

der consideration was for the determination of Congress. The reluctance of juries to return verdicts carrying capital punishment was well known, and, doubtless, it was thought that there would be no abuse of the discretion conferred. A case easily might be imagined, however, where, owing to the very tender years of the child and the circumstances attending the crime, the punishment of death would be fully as much deserved as in the case of the other phase of rape covered by the section.

Section 803 of the Code provides that "every person convicted of any assault with intent    *    *    *    to commit rape,    *    *    *    shall be sentenced to imprisonment for not more than fifteen years." Section 805 covers assaults with intent to commit any other offense which may be punished by imprisonment in the penitentiary, while sec. 906 applies to an attempt to commit any crime "which attempt is not otherwise made punishable by this chapter." The first count of the indictment charges force, but does not charge that the female was under the age of sixteen years, hence to have warranted a conviction under that count the jury must have found that the attempt was against her will. The second count, however, does charge that she was under the age of sixteen years. We have ruled that under section 808 whoever carnally knows and abuses such a child is guilty of one phase of the crime of rape. It necessarily follows that whoever assaults such a child, with intent carnally to know and abuse her, is guilty of an attempt to commit rape, and hence punishable under section 803. Since it is not questioned that the evidence is sufficient to warrant the conviction of the appellant of an attempt carnally to know and abuse the child named in the indictment, force must be conclusively presumed, regardless of her attitude. It would be unreasonable and illogical, it seems to us, to rule (as the plain provisions of section 808 require as to rule) that the assent of the child is void if the seducer actually accomplishes his purpose, and then to rule that such assent is not void as to attempts to commit the same crime. The child, therefore, being without capacity to assent in either case, it inevitably follows that where, as

here, the evidence warrants a conviction of an attempt carnally to know and abuse her, there must have been an assault.

The judgment must be affirmed.                     *Affirmed.*

Mr. Justice SIDDONS, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.