**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Magdaleno HERMOSILLO–NANEZ, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mario CARRASCO–GARCIA, Defendant-Appellant.**

Nos. 76–1376, 76–1908.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1976.

Certiorari Denied Jan. 10, 1977.

See 97 S.Ct. 763.

Joe Reichmann, Los Angeles, Cal., for appellant in No. 76–1376.

Michael Levine, Federal Public Defender (argued), Los Angeles, Cal., for appellant in No. 76–1908.

William D. Keller, U. S. Atty., Los Angeles, Cal., for appellees in No. 76–1376.

Jan L. Handzlik, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee in No. 76–1908.

Before WRIGHT and TRASK, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

Appellants' objections are consolidated for appeal. They arise out of a heroin sale to undercover DEA agents and the defendant-appellants' jury trial for conspiracy to possess and distribute heroin and for possession of heroin.

On appeal, Hermosillo-Nanez contends that he was entrapped as a matter of law. Carrasco-Garcia raises two issues: (1) whether the jury was presented with sufficient evidence to sustain a conviction and (2) whether the trial court committed reversible error in instructing the jury.

**I. ENTRAPMENT**

■ If a government agent persuades an unwilling person to commit a crime and thereby traps an unwary innocent instead of an unwary criminal, there is entrapment as a matter of law. *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). As the court has made clear, however, it is not the degree of government participation that is critical, but rather the predisposition of the defendant. *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

Young, an undercover informant, visited Hermosillo-Nanez frequently during the eighteen months prior to the attempted heroin sale and asked him approximately six times whether he knew anyone who could obtain drugs for Young. He also took the appellant to meet a crook, who would "raise an interest" in narcotics involvement in the appellant. This latter event could be a factor in deciding that appellant was not predisposed to involve himself in the drug selling market. The jury, however, did not so decide.

■ The standard of review on appeal is that the evidence and all inferences therefrom will be viewed in a light favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir. 1963). This court will not re-weigh the credibility of the witnesses. *United 'States v. Cluchette,* 465 F.2d 749, 754 (9th Cir. 1972).

■ Entrapment is an affirmative defense. The defendant must come forward with evidence of his non-predisposition and of government inducement. *United States v. Demma,* 523 F.2d 981, 985 (9th Cir. 1975). Once the defense is put in issue, however, the government has the burden of showing beyond a reasonable doubt that entrapment did not exist. *United States v. Glassel,* 488 F.2d 143, 146 (9th Cir. 1973), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974).

■ Although Hermosillo-Nanez was not predisposed in the manner of the defendants in *Russell* and *Hampton, supra,* there was sufficient evidence in the record for the jury to conclude, beyond a reasonable doubt, that the appellant was predisposed to commit the crime.

**II. SUFFICIENCY OF THE EVIDENCE**

*United States v. Manuel-Baca,* 421 F.2d 781 (9th Cir.), *cert. denied,* 399 U.S. 933, 90 S.Ct. 2269, 26 L.Ed.2d 804 (1970), holds that it is reversible error for a jury to reach a conclusion for which there are no probative facts to support it.

Carrasco-Garcia contends that he hitch-hiked up from Mexico the night of the attempted sale and was merely looking for a place to sleep when the DEA agents ar-

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

rested him in the vicinity of the sale site. Conflicting testimony was presented by two DEA agents. One testified that she had seen the appellant in the company of one of the co-defendants the night before the sale. The other testified that he saw appellant participate in the pre-sale activities.

 The jury was entitled to weigh the conflicting evidence for itself. This court will not determine the credibility of the witnesses. *United States v. Cluchette, supra* at 754. There was sufficient evidence for the jury to decide that appellant was part of the conspiracy.

### III. JURY INSTRUCTIONS

Appellant claims that the judge's use of a hypothetical diverted the jurors' attention from the mental aspects of a conspiracy to the physical actions and otherwise confused them as to the proper law. Moreover, the judge did not inform counsel, pursuant to Fed.R.Crim.P. 30, that the hypothetical would be used.

 Failure to comply with Fed.R. Crim.P. 30 is not reversible error unless there is prejudice to the defendant. *Irwin v. United States,* 338 F.2d 770 (9th Cir. 1964), *cert. denied,* 381 U.S. 911, 85 S.Ct. 1530, 14 L.Ed.2d 433 (1965). *Carbo v. United States,* 314 F.2d 718 (9th Cir. 1963), *cert. denied,* 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964).

 To determine if there is prejudice, the instructions should be viewed as a whole. *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976). A single instruction to the jury should not be viewed in artificial isolation. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

 Viewing the judge's entire set of instructions, it is apparent that he had stated more than once that an individual must participate knowingly in the conspiracy. There is no showing that the jury was confused by the hypothetical or that any prejudice resulted. The judgment of the trial court is affirmed.