**Paul JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10694.**

District of Columbia Court of Appeals.

Submitted Dec. 14, 1976.

Decided March 31, 1977.

Philip C. Jones, Washington, D.C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty., and John A. Terry, Stanley M. Weinberg, and Neil I. Levy, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

---

2. *See* D.C.Code 1973, § 22–106; 18 U.S.C. § 3 (1970); *United States v. Barlow,* 152 U.S.App. D.C. 336, 343, 470 F.2d 1245, 1252 (1972).

Before KELLY and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Charged with attempted robbery,[1] appellant was, after a jury trial, found guilty and sentenced to imprisonment for a term of one to three years. On this appeal, reversible error is claimed in the trial court's refusal to give a requested "lesser included offense" jury instruction. Finding no error, we affirm.

The testimony of the complaining witness, a Ms. Maloney, corroborated by that of her companion, a Ms. Witherspoon, was simple and direct. Appellant was observed to have one of his hands in the complainant's open handbag. Appellant, when asked "what are you doing with your hand in my purse?" made no reply but "casually and gradually removed his hand". The complainant then hailed a police officer, and appellant said to the two women that he did not know what the fuss was all about since he had taken nothing from the purse.

On cross-examination, complainant was asked whether she thought appellant was trying to harass her. Her reply was that she thought appellant was trying to steal from her purse.

Appellant denied any involvement in an attempted robbery of complainant. He insisted that the two women began yelling at him as he came out of a nearby store demanding that he take his hand out of the purse. On cross-examination, appellant again denied that his hand was ever in the complainant's purse. He also denied that he bumped into either of the women or that he was ever closer than one foot to them.

At the close of the evidence, appellant urged that disorderly conduct (jostling) was a lesser-included offense of attempted robbery, and requested the trial court to so instruct the jury. The court denied the request, ruling that there was no factual basis in the evidence for any such instruction.

In *Hall v. United States*, D.C.App., 343 A.2d 35, 38 (1975), we pointed out that:

A lesser included offense has been variously defined as one for which "some of the elements of the crime charged themselves constitute a lesser crime", *Sansone v. United States*, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), and as one "which consist[s] entirely of some but not all of the elements of the greater offense", *Pendergrast v. United States*, D.C.App., 332 A.2d 919, 924 (1975), and as "one which is necessarily established by the proof of the greater offense." [*Fuller v. United States*, 132 U.S. App.D.C. 264, 293, 407 F.2d 1199, 1228 (1968) (en banc), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).]

In the disposition of the instructional issue in this case, we are controlled by the state of the evidence in the record rather than an abstract reading and comparison of the statutes involved. *Hall v. United States, supra* at 39. The questions presented, therefore, are: (1) Was there such a relationship between the elements of attempted robbery,[2] the offense charged, and the elements of disorderly conduct (jostling),[3] and (2) was there an evidentiary basis in the record for such an instruction. Put another way, was disorderly conduct (jostling) necessarily established by proof of the attempted robbery. *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Hall v. United States, supra* at 38; *Belton v. United States*, 127

1. D.C.Code 1973, §§ 22–2901, –2902.

2. By D.C.Code 1973, § 22–2901, it is provided:
   Whoever by . . . sudden or stealthy seizure or snatching . . . shall take from the person or immediate actual possession of another anything of value, is guilty of robbery . . . ."

3. The offense is committed by any person who:

[W]ith intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—

\* \* \* \* \* \*

(4) interferes with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person's pocketbook, or handbag . . . . [D.C.Code 1973, § 22–1121.]

U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967). *Cf. Pendergrast v. United States,* D.C.App., 332 A.2d 919, 924 (1975).

■ While, conceivably a factual situation involving an attempted robbery could arise in which disorderly conduct (jostling) would be a lesser included offense, no such situation is disclosed by this record. *Cf. Fuller v. United States, supra,* 132 U.S.App. D.C. at 295, 407 F.2d at 1230; *Broughman v. United States,* 124 U.S.App.D.C. 54, 361 F.2d 71 (1966). Appellant categorically denied that he bumped or jostled either the complainant or her companion. He denied that his hand was ever inside or near complainant's purse or handbag and insisted that he was never closer than one foot to either of the women. Consequently, appellant's testimony not only negated the essential elements of disorderly conduct, *i. e.,* the commission of any act "with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby" but was also completely exculpatory of either offense.

■ It is settled law that "the refusal to give the lesser-included offense instruction is not error when defendant's testimony is completely exculpatory and, if believed, could only lead to acquittal, and the kind of reconstruction of events needed to support a lesser charge is [not] fairly inferable from the testimony . . .." *United States v. Sinclair,* 144 U.S.App.D.C. 13, 15, 444 F.2d 888, 890 (1971). *See also, United States v. Comer,* 137 U.S.App.D.C. 214, 218–19, 421 F.2d 1149, 1153–54 (1970).

We conclude from the foregoing that the trial court did not err when it refused to give the requested "lesser included" offense instruction.

Accordingly, the conviction is

*Affirmed.*

KELLY, J., concurs in the result.