Calvin M. BALLARD, Appellant,

v.

UNITED STATES, Appellee.

No. 79–917.

District of Columbia Court of Appeals.

Argued Dec. 3, 1980.

Decided March 17, 1981.

Stephen H. Glickman, Public Defender Service, Washington, D.C., with whom Silas J. Wasserstrom, Public Defender Service, Washington, D.C., was on the brief, for appellant.

Regina C. McGranery, Asst. U. S. Atty. Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and Carol E. Bruce, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN, and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Appellant was charged in a three-count indictment with rape, D.C.Code 1973, § 22–2801, carnal knowledge, D.C.Code 1973, § 22–2801, and taking indecent liberties with a minor child, D.C.Code 1973, § 22–3501(a). Having been convicted of carnal knowledge, appellant seeks reversal on two grounds. We are thus confronted with the following issues: (1) whether carnal knowledge is a lesser included offense of rape, and (2) whether the trial court committed reversible error when it instructed the jury on carnal knowledge after informing counsel prior to closing argument that it would not do so. For reasons set forth below, we conclude that carnal knowledge is not a lesser included offense of rape and that any error committed by the trial court was harmless. Therefore, we affirm.

I

At trial, the 14-year-old complainant testified that she encountered appellant while she and some friends were walking outside of her school during lunch hour. Appellant was operating a van. When he waved, she approached the vehicle because she knew him—the common law husband of her cousin, Evangeline—and had cared for the couple's young daughter on occasion. Appellant indicated that Evangeline was ill and had to be taken to a hospital; he asked the complainant if she could babysit for them. She agreed, told her friends, and got into the van. She waited in the vehicle while appellant delivered some boxes to several banks. Eventually they proceeded to appellant's apartment. Once inside, appellant suggested that the complainant watch television while he used the telephone. It soon became apparent that neither her cousin Evangeline, nor the baby were at home. When the complainant asked appellant to take her back to school, he told her that he wanted some "sugar." She testified that she was thrown on the bed, struck in the face, and raped. When the incident was concluded, the complainant was warned to say nothing of the matter and allowed to leave. She went to a girl friend's house and then home. Although the complainant was initially reluctant to tell anyone what had happened because of the threats made by appellant, she related the incident to both a friend and her sister later that day. After this disclosure, the complainant was taken immediately to the hospital where police officers were summoned.

The examining physician, Dr. John Ellicott, testified that he found an abrasion indicative of forcible intercourse, while a pathologist, Dr. Athens, testified that he

found intact sperm in the complainant's vagina. Mr. Richard Reem, a Special Agent of the Federal Bureau of Investigation, also testified to the presence of seminal fluid on complainant's pants.

Appellant presented an alibi defense, thus denying having ever engaged in intercourse with the complaining witness.

At the close of all the evidence, defense counsel requested the court to withdraw the counts charging appellant with carnal knowledge and indecent liberties from the jury's consideration on the ground that they were lesser included offenses of rape and could only invite an irrational compromise by the jury. After considerable argument by counsel, the court ruled that it would submit neither the carnal knowledge nor indecent liberties counts to the jury. Accordingly, both government and defense counsel argued, in the main, the circumstances surrounding forcible intercourse to the jury.

Before final instructions were given to the jury, government counsel renewed the question of the appropriate charges to be considered. Pointing out that different elements of proof must be established in a rape case as compared to carnal knowledge, the court was requested to instruct the jury, in the alternative, as to rape and carnal knowledge. Over the objection of the defense, this course was followed.* A verdict was returned acquitting appellant of rape, but finding him guilty of carnal knowledge.

## II

In support of his argument that carnal knowledge is a lesser included offense of rape, appellant relies heavily upon *Lightfoot v. United States*, D.C.App., 378 A.2d 670, 673–74 (1977), in which this court ruled that

'A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.' ... [A] judge should not submit to the jury a lesser included offense over the objection of either the prosecution or the defense where the requisite disputed factual element is lacking.... '[A] defendant has the right to have a lesser-included offense, although charged as a separate count in the indictment, withheld from the jury's consideration when the jury rationally cannot return a verdict of not guilty of the greater offense but guilty of the lesser offense.' [Citations omitted.]

Appellant contends that the trial court erred in submitting the carnal knowledge instruction to the jury since his defense was alibi and no challenge was made to the age of the complainant or to the evidence that someone may have had relations with her. He concludes from this that he had the right to have the carnal knowledge charge withheld from the jury's consideration since, on the evidence presented, it would have been irrational to acquit him of rape and find him guilty of carnal knowledge.

■ In this instance, we hold at the outset that the offense of carnal knowledge is not a lesser included offense of rape. *See United States v. Jacobs*, 113 F.Supp. 203, 206 (E.D.Wis.), *appeal dismissed*, 346 U.S. 892, 74 S.Ct. 228, 98 L.Ed. 394 (1953) ("[t]he rape and carnal knowledge and abuse constitute distinct and separate offenses has long been recognized."). D.C.Code 1973, § 22–2801 provides:

Whoever has carnal knowledge of a female forcibly and against her will or whoever carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for a term of years or for life.

Thus the elements necessary to establish what has traditionally been known as the offense of common law rape are (1) sexual intercourse with a female, (2) committed forcibly and against her will, while the elements required to establish the offense of carnal knowledge or statutory rape are (1) sexual intercourse with a female child, (2) under the age of sixteen regardless of

---

* With the consent of both sides, the offense of indecent liberties was not presented to the jury.

whether force was used or assent given. In either case corroboration is necessary where the complainant is found to be an "immature female." *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc). Although the proscription against rape and carnal knowledge are contained in the same statute, which generally protects against illicit sexual behavior, they are intended to serve different purposes. The prohibition against common law rape is to protect females capable of giving consent (*i. e.*, sixteen years old and above) from *forcible* sexual intercourse, *cf. Commonwealth v. Goldenberg*, 338 Mass. 377, 384, 155 N.E.2d 187, 191–92, *cert. denied*, 359 U.S. 1001, 79 S.Ct. 1143, 3 L.Ed.2d 1032 (1959) ("[t]he essence of the crime [of rape] is . . . the injury and outrage to the feelings of the woman by the forceful penetration of her person."), while the statutory proscription against carnal knowledge is intended to protect females below the age of sixteen, regardless of the use of force or consent, from *any* sexual relationship. *In re W.E.P.*, D.C.App., 318 A.2d 286, 290 (1974). As a result of the different statutory purposes served by § 22–2801 carnal knowledge cannot be viewed as a lesser included offense of rape. *See United States v. Whitaker*, 144 U.S.App.D.C. 344, 349, 447 F.2d 314, 319 (1971) (in order to justify submitting to the jury an instruction as a lesser included offense "there must be an 'inherent' relationship between the greater and lesser offenses, *i. e.*, they must relate to the protection of the *same interests* . . .") (emphasis added).

We disagree with appellant that, based on the evidence presented, the jury could not have rationally found him guilty of carnal knowledge while exonerating him of rape. This court's ruling in *Lightfoot v. United States, supra* at 673–74, as to when it is appropriate to give an instruction on a lesser included offense sought to prevent the possibility of a jury rendering a compromise or "merciful verdict" when, based on the evidence, it would be irrational to do so. In *Lightfoot*, appellant was indicted for armed robbery and robbery. Both counts were submitted to the jury, but it was instructed to consider the latter charge only if appellant was found not guilty of armed robbery. Confronted with the issue of whether appellant had the right to have the robbery offense withheld from the jury because it was a lesser included offense of armed robbery, the court stated that "[r]esolution of that question turns on whether the evidence was such that the jury could rationally find appellant guilty of the lesser offense but innocent of the greater; [*i. e.*,] . . . whether there was a reasonable basis on which the jury could find appellant guilty of the robberies yet entertain a reasonable doubt as to whether the robbers were armed." *Id.* at 673. The only additional element distinguishing robbery from armed robbery is proof that a weapon was involved. Since it was fairly inferable from the evidence that the robbers were in fact armed (appellant's defense was totally exculpatory, therefore, this fact was not in dispute), the court concluded that the jury could not have rationally returned its verdict of not guilty of armed robbery but guilty of the robbery charge.

Similarly, in *Jones v. United States*, D.C. App., 374 A.2d 854, 855 (1977), we held that in order to determine whether a particular instruction is to be submitted to the jury, the court must look to the evidence in the record rather than an abstract reading and comparison of the statutes involved. In that case, appellant was charged with and convicted of attempted robbery after an unsuccessful attempt to remove the contents from the complainant's purse. At trial, he sought to have the court instruct the jury on disorderly conduct (jostling), D.C. Code 1973, § 22–1121(4), as a lesser included offense of attempted robbery. However, the evidence did not support such an instruction since appellant denied being closer than one foot to the complainant. We concluded that to give the disorderly conduct instruction on the basis of the evidence presented could only have led to an irrational jury finding of guilt since appellant's testimony completely negated essential elements of disorderly conduct. *Id.* at 856.

Thus, as stated in both *Lightfoot* and *Jones*, the determination as to whether a court should submit an instruction to a jury as a lesser included offense depends upon an examination of the evidence before it. If the evidence could rationally support a jury verdict of guilty as to a lesser included offense, the court may submit the charge to the triers of fact for their consideration. On the other hand, if submitting the charge to the jury could only lead to an irrational compromise verdict, the court should withhold the lesser included offense instruction when requested by either the prosecution or the defense. Hence, the question that we must now decide is, given the evidence in the record before us, whether the jury could have rationally found appellant guilty of carnal knowledge while acquitting him of rape. We find that the jury did not reach an irrational result in its verdict.

Although appellant sought not to draw into dispute either the age of the complainant or whether there was evidence of sexual intercourse, that does not in and of itself render the jury verdict of guilty of carnal knowledge irrational. In reaching its verdict, the jury must consider all the evidence presented. In so doing, it has the discretion to credit some of the testimony while discrediting other evidence. *Watts v. United States*, D.C.App., 328 A.2d 770, 772–73 (1974); *Kenhan v. United States*, D.C. App., 263 A.2d 253, 254 (1970); *Patler v. District of Columbia*, D.C.Mun.App., 171 A.2d 508, 509 (1961). The evidence at trial established beyond dispute that the complaining witness was fourteen years old at the time of the incident, and that she had previously known appellant and considered him a friend. The medical testimony also indicated that the complainant's vagina had been penetrated by the sexual organ of a male. Appellant alleged that he did not engage in any sexual relationship with her. However, the jury, disbelieving appellant's testimony, could have rationally concluded on the basis of the evidence presented that appellant did have intercourse with the complainant, while not necessarily accepting the manner in which it was described by the victim. It is within the province of the jury to weigh the evidence and to accept or reject it as it sees fit. *Watts v. United States, supra; Kenhan v. United States, supra; Patler v. District of Columbia, supra.*

### III

Appellant's other contention relates to the trial court's failure to comply with Super.Ct.Cr.R. 30, which requires, *inter alia*, that the court advise counsel prior to closing argument of the instructions to be submitted to the jury. While the court had initially decided not to instruct the jury on the carnal knowledge count, it subsequently submitted the charge to triers of fact after both sides had presented their summations. Defense counsel noted his objection to the carnal knowledge instruction relying upon his earlier position that the charge is a lesser included offense of rape and that it would be irrational for the jury to consider both charges in this case. Appellant now argues that the court's noncompliance with Rule 30 requires reversal.

The purpose of Rule 30 is to provide counsel with the opportunity to fashion their closing arguments according to the charges to be submitted to the jury so that they may effectively present the case to the triers of fact. *United States v. Lyles*, 593 F.2d 182, 186 (2d Cir.), *cert. denied*, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 794 (1979); *United States v. Clay*, 495 F.2d 700, 707 (7th Cir.), *cert. denied*, 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974); *United States v. Tourine*, 428 F.2d 865, 869 (2d Cir. 1970), *cert. denied*, 400 U.S. 1020, 91 S.Ct. 581, 27 L.Ed.2d 631 (1971). "Clearly this purpose is frustrated if the judge, after informing counsel of his proposed charge, then changes the charge after the summations are completed." *United States v. Lyles, supra* at 186. We agree with appellant that the trial court erred when it instructed the jury on carnal knowledge after initially informing counsel prior to closing argument that it would not do so, however, we find the error to be harmless. With respect to Fed.R.Crim.P. 30, which is identi-

cal to Super.Ct.Cr.R. 30, many federal courts have held that a failure to comply with the rule is not reversible error unless the complaining party can establish prejudice. *United States v. Lyles, supra* at 186; *United States v. Conlin,* 551 F.2d 534, 539 (2d Cir.) *cert. denied,* 434 U.S. 831, 98 S.Ct. 114, 54 L.Ed.2d 91 (1977); *United States v. Cardall,* 550 F.2d 604, 607 (10th Cir. 1976), *cert. denied,* 434 U.S. 841, 98 S.Ct. 137, 54 L.Ed.2d 105 (1977); *United States v. Hermosillo-Nanez,* 545 F.2d 1230, 1233 (9th Cir. 1976), *cert. denied,* 429 U.S. 1050, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977). We also adopt this view.

Appellant states that the court's noncompliance with Rule 30 was prejudicial in that defense counsel was not afforded the opportunity to address carnal knowledge in his summation and to thus point out how speculative and irrational a guilty verdict on that charge would be. However, we have already concluded that a jury verdict of guilty of carnal knowledge in this case would not be irrational. The defense in this case was denial. Consent of the complainant is not a valid defense to carnal knowledge. Thus no other defense could be raised at a new trial.

Appellant does not allege any other prejudice that he might have suffered. Therefore, the error was harmless.

Henceforth, in order to avoid the error that was committed with respect to Rule 30, the trial court should carefully consider the instructions to be given to the jury and make its final ruling *prior to* closing arguments.

*Affirmed.*