**In the Matter of C. D., Appellant.**

Nos. 80–91, 80–303.

District of Columbia Court of Appeals.

Argued March 31, 1981.

Decided Aug. 13, 1981.*

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Corporation Counsel's motion for publication was granted.

Richard S. Greenlee, Public Defender Service, Washington, D. C., with whom Silas S. Wasserstrom, Public Defender Service, Washington D. C., was on the brief, for appellant.

Philip T. Van Zile III, Asst. Corp. Counsel, Washington D. C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KELLY, MACK, and FERREN, Associate Judges.

FERREN, Associate Judge:

The trial court found appellant, C.D. (who was seventeen at the time of the incident), guilty of taking indecent liberties with a child under the age of sixteen. *See* D.C.Code 1973, § 22–3501(a).[1] Appellant raises three issues on appeal. First, he contends that the government charged him with rape, *see id.* § 22–2801,[2] and, because taking indecent liberties is not a lesser included offense of rape, his conviction must be vacated. Next, appellant urges that the trial court erred by admitting into substantive evidence a statement by appellant's companion telling appellant to "go out there and see if anybody is coming." Finally, appellant asserts that even with the statement, there was insufficient evidence to support the conviction. Finding no reversible error, we affirm.[3]

I.

The government filed the following petition against appellant:

That said child appears to be in need of care or rehabilitation AND that said child, on or about September 20, 1979, at Harriet Tubman Elementary School in the District of Columbia, had carnal knowledge of [M.A.], a female child age 10, forcibly and against her will, in violation of 22 D.C.Code 2801.

The government, in its opening statement at trial, indicated that appellant was "charged with carnal knowledge against [M.A.]" Appellant's counsel then pointed out that the petition alleged rape, and she questioned whether the government was "seeking to amend that petition to allege carnal knowledge." D.C.Code 1973, § 22–2801. *See* note 2 *supra.* The government responded, "No; the petition is worded in terms of carnal knowledge with respect to forcible rape." Appellant's counsel then asserted that the petition as phrased was duplicitous: "It's unclear to me whether it's charging carnal knowledge or whether it's charging rape." The government insisted

1. D.C.Code 1973, § 22–3501(a) provides:

Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

2. D.C.Code 1973, § 22–2801 provides:

*Whoever has carnal knowledge of a female forcibly and against her will* or whoever carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for any term of years or for life. (Emphasis added.)

The emphasized portion of the statute is the provision against rape. *See Ballard v. United States,* D.C.App., 430 A.2d 483, 485 (1981). The second provision of the statute prohibits carnal knowledge. *See id.* at 485–86.

3. This is a consolidated appeal. In addition to appealing his conviction, No. 80–303, appellant also appealed on constitutional grounds the trial court's decision to confine him at Cedar Knoll pending trial. Appellant did not raise this issue, however, in his briefs or at oral argument. Accordingly, we dismiss with prejudice the appeal in No. 80–91. *See* D.C.App.R. 14.

that its petition was correctly stated and that it was charging appellant with rape, not carnal knowledge. In response to the court's inquiry, however, the government agreed that if it was unable to prove the element of force, the court could still find appellant guilty of carnal knowledge (presumably under a lesser included offense theory).

Following a short recess to consider the point raised by appellant's counsel, the court concluded that carnal knowledge is a lesser included offense of rape. The court stated that appellant was charged with rape. The court made it clear to appellant, however, so that he could not "be surprised" and would "know [ ] what the evidence against him should be," that if the government failed to prove rape, the court still might find appellant guilty of carnal knowledge.

## II.

The government introduced the following evidence at trial. On September 20, 1979, appellant and a companion, R. B., both juveniles, prevented a ten-year-old girl, M. A., from leaving the girls' bathroom in her elementary school. R. B. told appellant to "go out there and see if anybody is coming." Appellant went outside the bathroom. R. B. hit M. A. across the face and she hit him back. At this point, R. B. shouted to appellant, who briefly had reentered the bathroom, "Hey man, Shorty hit me." Appellant laughed and again left the bathroom. R. B. then pushed M. A. into a bathroom stall and raped her. While R. B. was in the act of raping M. A., appellant reentered the bathroom, stood on a toilet bowl in an adjacent stall, and briefly saw what was happening. Appellant then turned off the bathroom lights as he again left the bathroom. Soon thereafter appellant reentered the bathroom, turned the lights back on, and told R. B. to "come on." At this point, M. A.'s teacher came into the bathroom and called out M. A.'s name. Realizing that something was wrong, she went to get help. When she returned, appellant and R. B. were leaving the bathroom.

Appellant testified in his own defense. He stated that he did not see R. B. strike M. A. and that he had no idea that M. A. had not consented to have sex with R. B. He thought M. A. was "around 14, because she was big" for her age. Appellant's description of what happened otherwise was fairly close to the description given by M. A. Appellant testified, however, that when he left the bathroom he did not do so to act as a lookout for R. B. On cross-examination, he conceded that it was wrong for him to enter the girls' bathroom and that he knew R. B. and M. A. were doing something wrong in the bathroom (even if consensual). But, appellant denied aiding R. B. in any way.

After carefully evaluating the evidence, the trial court acquitted appellant of aiding and abetting in the rape because the court was not "convinced that [appellant] knew or was aware that [R. B.] was going to rape or intended to rape the complaining witness." The trial court, however, found appellant guilty of aiding and abetting the taking of indecent liberties with a child under sixteen. The trial court placed appellant on probation for two years. This appeal followed.

## III.

Appellant's first contention—i. e., that his conviction must be vacated because the charge of rape did not include the offense of taking indecent liberties with a child—involves the interplay of three separate offenses: rape, carnal knowledge, and taking indecent liberties with a child. See notes 1 and 2 supra.

Indecent liberties is a lesser included offense of carnal knowledge. Allison v. United States, 133 U.S.App.D.C. 159, 165, 409 F.2d 445, 451 (1969); Younger v. United States, 105 U.S.App.D.C. 51, 52, 263 F.2d 735, 736, cert. denied, 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257 (1959).[4] Both offenses

---

4. But cf. United States v. Heard, 137 U.S.App.D.C. 60, 61, 420 F.2d 628, 630 (1969) (per curiam) (while treating indecent liberties as lesser included offense of carnal knowledge, court

are "intended to protect [children][5] below the age of sixteen, regardless of the use of force or consent, from *any* sexual relationship." *Ballard v. United States*, D.C.App., 430 A.2d 483, 486 (1981) (citation omitted) (discussing carnal knowledge prohibition only).

In contrast, "[t]he prohibition against common law rape is to protect females capable of consent (*i. e.*, sixteen years old and above) from *forcible* sexual intercourse...." *Id.* Accordingly, in *Ballard*, we held that carnal knowledge is not a lesser included offense of rape. *Id.* at 485. The same logic compels our conclusions here that taking indecent liberties is not a lesser included offense of rape.

As a result, if appellant is correct that the government charged him only with rape, the trial court erred in finding him guilty of the separate, uncharged offense of taking indecent liberties. *See In re W.B.W.*, D.C.App., 397 A.2d 143, 147 (1979); D.C.Code 1973, § 16–2305(d). On the other hand, if the government charged appellant with both rape and carnal knowledge, the trial court properly could have found appellant guilty of taking indecent liberties, a lesser included offense of carnal knowledge.

We conclude that the government charged and tried appellant for both rape and carnal knowledge. We further conclude that the government's petition charging rape and carnal knowledge in a single count was duplicitous and that the trial court erred in not forcing the government to amend its petition. We hold, nonetheless, that under the circumstances the trial court's error was harmless.

IV.

The government's initial petition charged appellant both with rape and with carnal knowledge in a single count. It charged rape in that it asserted force had been used; it charged carnal knowledge by alleging that M. A. had been under sixteen years of age at the time of the incident. Accordingly, the government's petition was duplicitous. *See Murray v. United States*, D.C. App., 358 A.2d 314, 317 (1976); *United States v. Bradford*, D.C.App., 344 A.2d 208, 211 (1975); Super.Ct.Juv.R. 8(a); *see generally* 8 Moore's Federal Practice ¶¶ 8.03–.04 (2d ed.1980 & 1980 Supp.). Appellant's counsel properly objected to the petition, arguing that it was ambiguous and that if the government wished to proceed on a carnal knowledge theory, it should amend its petition to state this charge clearly. *See* Super.Ct.Juv.R. 7(e).[6]

The trial court ruled that the government's petition did not require amendment. Instead, based on its understanding that carnal knowledge was a lesser included offense of rape,[7] the court read the petition to charge both rape in the first instance and, in the event that the government could not prove the element of force, carnal knowledge.

Although the trial court erred in allowing the government to go forward on

noted that certain defenses (involving intent) to indecent liberties charge are not available as defenses to carnal knowledge charge), *cert. denied*, 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970).

5. The law against carnal knowledge is limited to carnal knowledge against females. *See* note 2 *supra*. The prohibition against taking indecent liberties, by contrast, includes acts against children of either gender. *See* note 1 *supra*.

6. Super.Ct.Juv.R. 7(e) provides:
   Amendment of the Petition. The Division may permit a petition to be amended at any time prior to the conclusion of a factfinding hearing if no additional or different offense is charged and if substantial rights of the re-

spondent are not prejudiced. The Division shall grant the Corporation Counsel, the child, and his parent, guardian or custodian notice of the amendment and, upon request of any party for good cause shown, a reasonable time to prepare.
   *See In re J.R.G.*, D.C.App., 305 A.2d 529, 530 (1973). The record is silent as to whether appellant's parents were present during the hearing.

7. The trial court relied on Criminal Jury Instructions for the District of Columbia, No. 4.74 at 258 (3d ed.1978). The trial court made its decision well before our decision in *Ballard, supra*. .

both rape and carnal knowledge charges without formally amending its petition, the court nonetheless made clear to appellant that he could be convicted either of rape or of carnal knowledge. The trial court accordingly cured whatever ambiguity had existed in the petition. The accused was put on notice of the charges against him, and the trial court, in its verdict and sentence, clearly distinguished between the charges against the accused. *See Bradford, supra* at 211; 8 Moore's Federal Practice, *supra* at 8–16. There is not the slightest possibility that appellant's conviction rests on a partial finding of guilt on each of two separate offenses. *See Bradford, supra* at 212; 8 Moore's Federal Practice, *supra* at 8–16—8–17. In short, while the petition remained duplicitous, the problems usually associated with duplicitous counts were resolved. *See id.* The trial court's error in failing to require the government to amend its petition, therefore, was harmless. *See Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

## V.

We turn to appellant's claim that the trial court erred in admitting as substantive evidence R. B.'s statement to appellant to "go out there and see if anybody is coming."

 A statement by one individual to another is admissible to show the state of mind of the listener. *See Cooper v. United States*, D.C.App., 353 A.2d 696, 702 (1976); *Nick Bombard, Inc. v. Proctor*, D.C.Mun. App., 47 A.2d 405, 408 (1946); *People v. Roberson*, 167 Cal.App.2d 429, 334 P.2d 666, 667 (1959); *see generally* R. Lempert & S. Saltzburg, A Modern Approach to Evidence 343–44 (1977); VI Wigmore on Evidence § 1789 (Chadbourn rev. 1976). Regardless of the truth or falsity of the statement itself, the effect the statement has on the listener may explain or provide a motive for the listener's subsequent conduct. *See Cooper, supra* (prior threat by victim admissible to support defendant's claim that he acted in self-defense); *Roberson, supra* (prior statement to defendant that individual was

police officer admissible to support defendant's claim that he would not sell him drugs); *see generally* 2 Jones on Evidence § 8:7, at 176 (6th ed.1972) Here, R. B.'s statement to appellant to go outside and keep watch was admissible not only to show that appellant knew that R. B. was engaged in wrongdoing (as appellant concedes) but also to explain and show a motive for appellant's subsequent conduct.

## VI.

Appellant's final contention, that there was insufficient evidence to support a finding of guilt, is equally without merit. An individual is liable "for the acts of the actual perpetrator if his conduct in any way furthered the common scheme to commit the crimes charged." *Matter of D.M.R.*, D.C.App., 373 A.2d 235, 237 (1977). *See Creek v. United States*, D.C.App., 324 A.2d 688, 689 (1974). Here, viewing the evidence in the light most favorable to the government, *see D.M.R., supra; Creek, supra*, there was evidence that appellant helped R. B. force M. A. back into the girls' bathroom, that appellant waited outside the bathroom after R. B. had asked him to see if anyone was coming, and that appellant told R. B. to "come on" just before a teacher came into the bathroom looking for M. A. This was more than sufficient for the trial court to infer that appellant knowingly aided and abetted R. B. in taking indecent liberties with M. A.

*Affirmed.*