**David C. SCUTCHINGS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 88–1067.

District of Columbia Court of Appeals.

Argued Jan. 3, 1990.

Decided March 8, 1990.

---

John Mott, Public Defender Service, with whom James Klein and Henderson Hill, Public Defender Service, were on the brief, for appellant.

Virginia C. Veltrop, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, and June M. Jeffries, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN and BELSON, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

On an indictment charging one count of rape, D.C.Code § 22–2801 (1989 Repl.), and one count of carnal knowledge, *id.*, appellant pled guilty before the trial court to one count of assault with intent to commit carnal knowledge. He was sentenced to five to fifteen years pursuant to D.C.Code § 22–501 (1989 Repl.), which prescribes the penalty for assaults with intent to commit nine enumerated offenses, including rape. He now appeals, claiming that the maximum sentence for which he is eligible is five years, pursuant to D.C.Code § 22–503 (1989 Repl.), which provides a penalty for other felonious assaults. We affirm.

D.C.Code § 22–2801 defines one who commits rape as "[w]hoever has carnal knowledge of a female forcibly and against her will *or* whoever carnally knows and abuses a female child under 16 years of age...." (emphasis added). Appellant argues that a recent line of cases distinguish the societal objectives behind the two offenses of carnal knowledge and rape. *See, e.g., Pounds v. United States,* 529 A.2d 791, 796–97 (D.C.1987); *In re C.D.,* 437 A.2d 171, 174 (D.C.1981); *Ballard v. United States,* 430 A.2d 483, 486 (D.C.1981). Because his victim was a minor, he seeks to utilize the different societal purposes behind the two proscriptions to justify a lesser penalty via the catch-all provision of section 22–503 rather than section 22–501, which specifically discusses assault with intent to commit rape.

We observe, however, (and appellant concedes) that *Sanselo v. United States,* 44 App.D.C. 508 (1916), holds that rape and carnal knowledge are, for the purpose of sentencing, synonymous. In reaching that holding, the court looked to the plain language of the statute and concluded that carnal knowledge of a female child under the age of sixteen was one of two categories of the crime of rape. *Id.* at 510. The court rejected the argument that Congress could not have intended the same punishment for consensual carnal knowledge as it did for forcible rape, which at the time carried a possible death penalty. It stated that a female under the age of sixteen "is incapable of yielding a valid consent, thereby making the result in law the same [as compared to rape] regardless of her attitude, and rendering the question of consent immaterial." *Id.* at 510. Under this rationale, therefore, the societal objectives behind the two offenses of rape and carnal knowledge are the same. We need not

**1198**

decide here whether the societal objectives in criminalizing the offenses of carnal knowledge and rape are the same, as stated in *Sanselo,* or different, as stated in *Ballard* and its progeny. For purposes of sentencing, the language of Congress and of the court in *Sanselo* makes clear that rape and carnal knowledge are to be treated the same. *Sanselo,* is binding precedent upon a division of this court. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971).

*Affirmed.*