**Ronald E. BROWN a/k/a Ronald Jacobs, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 88–1553.

District of Columbia Court of Appeals.

Argued March 26, 1990.

Decided June 26, 1990.

Gretchen Franklin, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Mary B. Murphy, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. and John R. Fisher and David H. Saffern, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, and FERREN, Associate Judges, and PRYOR, Senior Judge.

NEWMAN, Associate Judge:

Brown was convicted of (1) unarmed first degree burglary (D.C.Code § 22–1801(a) (1981)), (2) armed assault with intent to commit rape of a 15–year–old girl (D.C. Code §§ 22–501, –3202 (1981)) and (3) carnal knowledge of the same girl (statutory rape) (D.C.Code § 22–2801 (1981)). For

these crimes Brown was given three consecutive sentences of 10 to 30 years imprisonment. Brown contends that he may not be convicted of both carnal knowledge (statutory rape) and an assault with intent to commit rape for a single act upon a 15–year old girl. We hold that "carnal knowledge of a female forcibly and against her will", D.C.Code § 22–2801 (1981), and carnally know[ing] a female child under age 16 years of age," *id.*, are but two different theories on which the jury might convict of the crime of rape under D.C. Code § 22–2801. It was a violation of the Double Jeopardy clause of the 5th Amendment of the U.S. Constitution to sentence appellant twice for the same crime. Thus we remand to the trial court with direction to vacate the assault with intent to commit rape while armed conviction. The trial court may then resentence to effectuate its original sentencing intention. *See Thorne v. United States*, 471 A.2d 247 (D.C.1983).

## I

One night in May 1988, Brown, while armed, entered the apartment of Tarita, a 15–year–old girl. Tarita was asleep in her bed at the time. When she suddenly awoke, she found Brown kneeling over her with a knife in his hand. She jumped up and yelled for help. She was able to push Brown off her and run to the front door. Before she was able to escape, Brown pulled her back. Eventually he got Tarita into her mother's bedroom. There, Brown pulled his pants down and used his fingers to put his non-erect penis into her vagina.

Brown was indicted for first-degree burglary while armed, *see* D.C.Code §§ 22–1801(a), –3202, rape while armed, *see* D.C. Code §§ 22–2801, –3202, and carnal knowledge of a child under 16 years of age, *see* D.C.Code § 22–2801. After a jury trial, he was convicted of unarmed first degree burglary, armed assault with the intent to commit rape and carnal knowledge.

## II

### A

D.C.Code § 22–2801, the "Definition and penalty" provision of D.C.Code, ch. 28, "Rape", states:

> Whoever has carnal knowledge of a female forcibly and against her will or whoever carnally knows and abuses a female child under 16 years of age, shall be imprisoned for any term of years or for life.

The government contends that this section of the Code establishes two separate crimes: (1) what has traditionally been known as common law rape, and (2) what is commonly referred to as statutory rape or carnal knowledge. We disagree with the government's contention.

In a recent decision, *Scutchings v. United States*, 570 A.2d 1197 (D.C.1990), we held that common law rape and statutory rape (carnal knowledge) are not two separate crimes but that "[f]or purposes of sentencing, ... rape and carnal knowledge are to be treated the same." *Id.* at 1198. In another case that is binding on this court, *Sanselo v. United States*, 44 App. D.C. 508 (1916), the court reached the same conclusion. Neither *Scutchings* nor *Sanselo*, however, explicitly addresses the question whether common law rape and statutory rape are the same for double jeopardy purposes, because neither case involved two convictions. Rather, both cases concerned the question whether the sentence for assault with intent to commit carnal knowledge is the same as the sentence for assault with intent to commit rape. Nonetheless, those cases dictate the result in the present case. As we have stated in another context, without a sentence there is no conviction. *See Langley v. United States*, 515 A.2d 729, 733–35 (D.C.1986) (defendant may not be impeached with prior guilty verdict unless and until there is judgment of conviction premised on sentence). It follows that if two crimes are the same for sentencing purposes, they are also the same for double jeopardy purposes. Indeed, *Sanselo* explains that the rape statute the Court considered in that case (which is virtually identical to the present statute) set forth one crime, provable in two ways. *Sanselo* states that:

> A reading [of the statute] discloses that whoever has carnal knowledge of a fe-

male forcibly and against her will, *or* carnally knows or abuses a female under the age of sixteen years, is guilty of the offense denounced; namely rape.... Whoever has carnal knowledge of a woman forcibly and against her will is guilty of one phase of the crime denounced. Whoever carnally knows or abuses a female child under the age stated is guilty of the other phase of that crime.

*Sanselo, supra,* 44 App.D.C. at 510 (emphasis in original). Thus, the crime of rape can be committed *either* by (1) carnal knowledge of a female forcibly and against her will *or* by (2) carnally knowing and abusing a female child under 16.

The government relies on our decisions in *Pounds v. United States,* 529 A.2d 791 (D.C.1987), and *Ballard v. United States,* 430 A.2d 483 (D.C.1981), in contending that we have rejected *Sanselo.* There are three short answers to this contention. First, we reaffirmed our adherence to *Sanselo* in *Scutchings.* Second, only the *en banc* court could decline to follow *Sanselo. M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C. 1971) (decisions of the United States Court of Appeals for the District of Columbia, decided prior to February 1, 1971, are binding on divisions of this court; only the *en banc* court can decline to follow such decisions). Third, neither *Pounds* nor *Ballard* decided the issue presented in this case. Rather, *Pounds* held that neither rape nor carnal knowledge were lesser included offenses of incest. 529 A.2d at 797. In *Ballard,* we held that statutory rape was not a lesser included offense of forcible rape. 430 A.2d at 485. We repeat, in neither *Pounds* nor *Ballard* was the issue presented in this case briefed, argued or decided.

The government also relies on *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) to support its argument that D.C.Code § 22–2801 defines two separate crimes. *Blockburger* provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether these are two offenses or only one, is whether each provi-

sion requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182 (citation omitted). The elements necessary to establish "common law rape" are (1) sexual intercourse with a female, (2) committed forcibly and against her will. The elements necessary for "statutory rape" are (1) sexual intercourse with a female child (2) who is under the age of sixteen, regardless of whether force was used or assent given. *Pounds v. United States,* 529 A.2d 791, 796–97 (D.C.1987). The government argues that, since common law rape and statutory rape require proof of different elements, they are two separate crimes.

█ The government's reliance on *Blockburger* is misplaced. The question whether one transaction constitutes multiple offenses is one of legislative intent. *Albernaz v. United States,* 450 U.S. 333, 336, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981) ("Absent a 'clearly expressed legislative intention to the contrary, [the statutory] language must ordinarily be regarded as conclusive.'" (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980))). The *Blockburger* test is one used to discern legislative intent where that intent is not otherwise clear. *Garrett v. United States,* 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). Since both the United States Court of Appeals in *Sanselo* and this court in *Scutchings* found that legislative intent was clear from the language of the statute, there is no occasion to resort to the *Blockburger* analysis.

In sum, since D.C.Code § 22–2801 (1989 Repl.) defines two different means of committing the same offense, it is improper to sentence the defendant, either concurrently or consecutively, for both. *But see Warrick v. United States,* 528 A.2d 438, 443 n. 6 (D.C.1987) (when a jury returns guilty verdicts on two counts that merge, the trial court may initially permit convictions on both counts, since it "'serves the useful purpose of allowing [the Court of Appeals] to determine whether there is error con-

cerning one of the counts that does not affect the other.' " *Id.* (quoting *Garris v. United States,* 491 A.2d 511, 514–15 (D.C. 1985))).

## B

Brown was not sentenced for statutory rape and common law rape; rather, he was sentenced for statutory rape and assault with intent to commit rape. Thus, his appeal presents the question whether convictions on these two charges are barred by double jeopardy. We hold that they are.

 We begin with the fundamental principle that convictions on both a greater offense and a lesser-included offense cannot stand, since by definition the greater offense includes all of the elements of the lesser-included offense. Thus, where the jury returns guilty verdicts on both greater and lesser-included charges, the Double Jeopardy Clause of the 5th Amendment requires that one of the convictions must be vacated. *See Price v. United States,* 531 A.2d 984, 989 n. 7 (D.C.1987).[1]

Brown was convicted of statutory rape, of which assault with intent to commit statutory rape is a lesser-included offense. *United States v. Heard,* 137 U.S.App.D.C. 60, 420 F.2d 628 (1969), *cert. denied,* 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431; *see also Johnson v. United States,* 122 U.S.App.D.C. 1, 350 F.2d 784 (1965) (assault with intent to commit rape is a lesser-included offense of common law rape). Brown was also convicted of assault with intent to commit common law rape. Assault with intent to commit common law rape at first blush may not seem to be a lesser-included offense of statutory rape. However, in the context of this double jeopardy analysis, such a view would be flawed. As noted previously, statutory rape and common law rape are merely two alternative theories under which a defendant may be convicted of rape under § 22–2801. Since statutory rape and common law rape are not separate offenses—

*i.e.* there is no wall between them permitting multiple convictions—then it must follow that there is no wall between their respective lesser-included offenses predicated on assault. Stated differently, if there is *no* substantive difference between committing statutory rape and common law rape for purposes of double jeopardy, then there can be no substantive difference between assault with intent to commit statutory rape and assault with intent to commit common law rape either. It is a violation of the double jeopardy clause to convict under either theory of rape and also to convict of assault with intent to commit either type of rape.

*Remanded for further proceedings consistent with this opinion.*

---

1. Since the legislature has the power to make two crimes out of a single offense, *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in theory, at least, there is nothing to prevent the legislature from creating two offenses out of a greater and lesser-included offense. However, that problem is not before us in this case.