Reginald A. JACKSON, Appellant,

v.

UNITED STATES, Appellee.

No. 83–990.

District of Columbia Court of Appeals.
Argued Nov. 12, 1985.
Decided Jan. 14, 1986.

Daniel J. Slattery, Jr., Washington, D.C. for appellant.

Mona C. Mack, Asst. U.S. Atty., with whom Joseph diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Thomas J. Tourish, Jr., Asst. U.S. Attys., were on brief, for appellee.

Before PRYOR, Chief Judge, STEADMAN, Associate Judge, and PAIR, Senior Judge.

PAIR, Senior Judge:

This appeal is from convictions for sodomy,[1] taking indecent liberties with a minor child,[2] and enticing a minor child.[3] Appellant contends that the indictment was insufficient, that the corroboration of the children's testimony was insufficient, and that he was denied a speedy trial. We find no merit in any of these contentions and, accordingly affirm the judgments of conviction. We do, however, remand with directions to vacate four of the five convictions for taking indecent liberties since they merged with the convictions for sodomy.

The convictions arose from several incidents involving three children. Two of the children, ages eight and seven, lived in appellant's home for almost two years. At trial, they testified that appellant sodomized them with great frequency over the course of their stay in his home. The third child, age twelve, was appellant's neighbor, and testified concerning one indecent act with appellant, which took place at appellant's home.

In the indictment returned September 11, 1981, appellant was charged in seventeen counts with seven separate incidents involving the three children and setting out four different time frames within a period of eighteen months in which the offenses occurred.[4] In April 1982 appellant filed a motion for a bill of particulars respecting the date and time of each offense. The motion was denied on June 17, 1982, because the government was unable to provide a bill of particulars.

██ Appellant now claims that the indictment was insufficient because it failed to give the date and the time of the offenses.[5] An indictment, of course, provides constitutional safeguards by informing the accused of the charges against him so that he can prepare an adequate defense, and by protecting against future jeopardy. *See Craig v. United States*, 490 A.2d 1173, 1176 (D.C.1985). The sufficiency of the indictment, however, must be judged without regard to any bill of particulars. *Bonds v. State*, 51 Md.App. 102, 108, 442 A.2d 572, 576 (Md.Ct.Spec.App.1982). Furthermore, in *Bonds*, a case challenging the sufficiency of an indictment for sexual offenses against a minor, the Court of Special Appeals of Maryland held that lack of specificity with regard to the date and times of the offense did not bar prosecution:

> We recognize there are many times when it is impossible for the State to determine the exact date and time that any crime was committed. Therefore, sometimes specificity as to the exact time and date

---

1. D.C.Code § 22–3502 (1981).

2. D.C.Code § 22–3501(a) (1981).

3. D.C.Code § 22–3501(b) (1981).

4. Counts one through five involving sodomy, taking liberties and enticing a minor within one specific time frame, January 1 to January 31, 1980, were dismissed for lack of corroboration. The other time frames were September 1, 1980 to May 31, 1981; May 1, 1980 to September 30, 1980; August 1, 1981 to August 31, 1981; and September 6, 1981.

5. We do not address appellant's contention that the indictment was multiplicitous. By failing to raise the issue before trial, defendant waived his right to challenge the validity of the indictment. *See Christian v. United States*, 394 A.2d 1, 38 (1978), *cert. denied, sub nom. Clark v. United States*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).

of the crime alleged is impossible to establish. To establish a rule that would allow a criminal defendant to demand such specificity by raising an alibi defense would thwart justice and, in our view, is not required by either the Maryland or United States Constitutions. *See* U.S. Const., amend. V and XIV.

*Id.* at 107, 442 A.2d at 575. *See also United States v. Ward,* 676 F.2d 94, 97 (4th Cir.), *cert. denied,* 459 U.S. 835, 103 S.Ct. 79, 74 L.Ed.2d 76 (1982). We conclude therefore that the indictment in the instant case was sufficient to inform appellant of the charges against him. Given the child-complainants' inability to recall events by specific time and date, the indictment was more than adequate to safeguard appellant's rights.[6]

We turn now to the appellant's contention that there was insufficient corroboration of the offenses.[7] To determine the sufficiency of the evidence, factors considered are: the victim's age, any motive to falsify, the opportunity to the defendant to commit the crime, and the existence of previous relationship with the victim. *Fitzgerald v. United States,* 443 A.2d 1295, 1300–02 (D.C.1982)(en banc). While corroboration has been a prerequisite for conviction of a sex offense against a youthful victim, "the corroboration threshold has never been very difficult to cross." *Id.* at 1302. Corroboration then need only consist of circumstances which tend to support the victim's testimony, and need not consist of evidence corroborating every detail of the acts charged. *Evans v. United States,* 299 A.2d 136, 139 (D.C.1973). Reporting to family, friends or police also constitute corroboration. *Fitzgerald, supra,* 443 A.2d at

1301, *affirmed on other grounds,* 472 A.2d 52 (D.C.1984).

In our view, there was ample evidence in this case to satisfy the corroboration requirement and minimize the likelihood of fabrication. The children living with appellant testified concerning both their observations of appellant engaging in indecent acts with the other child, and their conversations with each other about appellant's acts. Relatives, doctors, and a detective also substantiated the children's testimony. The third child's testimony was equally well corroborated by her mother and the detective who investigated the complaint. These accounts, as well as the uncontroverted evidence of appellant's opportunity to commit the crimes, were more than sufficient to support the jury's determination that the children's testimony was corroborated.

Finally, we turn to appellant's claim that he was deprived of his right to a speedy trial by the thirteen-month delay between arrest and trial. In *Graves v. United States,* 490 A.2d 1086 (D.C.1984) (en banc), this court reiterated the four factors analyzed to evaluate a speedy trial claim: the length of delay, reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 1090 (quoting *Barker v. Wingo,* 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972)). After analyzing each of these factors, we find no deprivation of a constitutional right in this case.

The speedy trial right attaches once an individual becomes an accused. *See Taylor v. United States,* 471 A.2d 999, 1001 (D.C. 1983). When the period between arrest and trial is longer than a year, the govern-

---

**6.** Appellant's contention that a variance existed between the allegations of the indictment and the government's proof at trial is unsubstantiated. We therefore reject it.

**7.** The corroboration requirement has been both judicially and legislatively abolished. *See Gary, Cole & Pee v. United States,* 499 A.2d 815, 834 & n.22 (D.C.1985) (en banc); *see* D.C.Code § 23–114 (Supp.1985). Nevertheless, because the ap-

plication of the supervening law implicates an impermissible ex post facto law or due process violation, *see United States v. Henson,* 159 U.S. App.D.C. 32, 45, 48, 486 F.2d 1292, 1304 (1973); *Dixon v. United States,* 287 A.2d 89, 96–97, *cert. denied,* 407 U.S. 926, 92 S.Ct. 2474, 32 L.Ed.2d 813 (1972); *Arnold v. United States,* 358 A.2d 335, 348 (D.C.1976) (Fickling, J., dissenting), we do not apply it.

ment has the burden of establishing that appellant's right to speedy trial was not violated. *Miller v. United States*, 479 A.2d 862, 865–66 (D.C.1984). The government's burden, however, increases in proportion to the length of the delay. *Graves, supra*, 490 A.2d at 1091. Furthermore, the complexity and seriousness of the charges may allow for a greater delay. *See Reese v. United States*, 467 A.2d 152, 158 (D.C. 1983). *Graves, supra*, 490 A.2d at 1091. Nevertheless, a significant time lapse will not necessarily violate the speedy trial clause. *See, e.g., Graves, supra*, 490 A.2d 1086 (twenty-five month delay); *Jones v. United States*, 483 A.2d 1149 (D.C.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2363, 86 L.Ed.2d 263 (1985) (thirty-four months).

Different weights must be accorded for different reasons for the delay. *Graves, supra*, 490 A.2d at 1092:

> A deliberate attempt to delay the trial in order to hamper defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker, supra*, 407 U.S. at 531, 92 S.Ct. at 2192 (footnote omitted).

Appellant was arrested on March 10, 1982, and trial commenced April 14, 1983. Rather than a simple misdemeanor charge, seventeen counts of various sexual acts were enumerated in the indictment. The procedural history of this case indicates that four trial dates were set. At a status hearing held on March 31, 1982, before Judge Barnes, a trial date of June 21, 1982 was set. Another status hearing was held on April 21, 1982, before Judge Hess. On May 19, 1982, because the judge was not

present, the hearings were continued. On June 22, 1982, a notice of appeal was filed and dismissed on March 4, 1983. Meanwhile, at a status hearing held on June 21, 1982 and July 27, 1982, the trial date was reset for October 14, 1982. On October 7, 1982, counsel were notified that the case had been reassigned to Judge Murphy and on October 13, 1982, both counsel agreed to continue the trial date until February 8, 1983.[8] A day before the trial was to begin, the government filed a motion for a continuance because a significant witness had become hospitalized, and both the trial judge and the prosecutor were involved with other trials. The case was continued until April 15, 1983, for trial.

■ Given the seriousness of the charges and the relatively short time lapse, we do not find the length of delay excessive. The record indicates almost all but two months of the thirteen-month delay was attributable to court congestion and ordinary institutional factors. The government's final delay is deemed justifiable, and may not be counted against it, since it was necessary to accommodate a witness. *See Graves, supra*, 490 A.2d at 1093 n.9. Other delays were more neutral than deliberate prosecutorial delay and are, therefore, accorded less weight in a speedy trial context. Furthermore, these delays may be excused by an inadequate assertion of the speedy trial right or a low threshold of prejudice. *Bethea v. United States*, 395 A.2d 787, 791 (D.C.1978).

■ We turn now to the assertion of the right, the third factor. Where most of the delay occurs before an accused demands a speedy trial, it is accorded less significance. *Miller, supra*, 479 A.2d at 866. In this connection, the frequency and force of the defendant's objections must also be weighed. *Id.* What appears from the record is that appellant failed to assert his speedy trial right by filing a motion to dismiss for lack of speedy trial until Febru-

---

**8.** In his brief, appellant maintains that in October of 1982 he objected to the delay to the continuance and to the denial of his speedy trial right on the record. This assertion, however, is not within the record.

ary 25, 1983, almost a year after his arrest and two months before trial. Consequently, we rule that his one assertion was inadequate to preserve his right.

Finally, we consider whether appellant was prejudiced by reason of the delay. This factor is stressed to (1) prevent oppressive pre-trial incarceration; (2) minimize the anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired. *Graves, supra,* 490 A.2d at 1101. It is the last factor that is the most important. *Id.*

■ Although released on personal recognizance in this case, appellant remained incarcerated on other charges. Under the circumstances, his criminal record would tend to negate assertions of anxiety pre-trial. Nor, can we find any substance to the argument that appellant's welfare was prejudiced by the delay. The minimal delay, the reasons for the delay, the timing and force of the assertion of the right, and the lack of evidence of prejudice lead us to conclude there was no violation of a speedy trial right.

■ While we find no merit in any of appellant's claims, we notice that he was convicted of four counts of sodomy, five counts of taking indecent liberties with a minor child, and three counts of enticing a minor. Appellant was sentenced to consecutive terms of imprisonment of six to eighteen years on each of the four sodomy counts. He was also sentenced to four to twelve years on each of the five counts of taking indecent liberties with a minor, and to terms of twenty to sixty months on each of the three counts of enticing a minor. The sentences for taking indecent liberties and enticing a minor were made to run consecutively within each offense grouping, but concurrent with the sodomy convictions.

However, the government has conceded that appellant's convictions for taking indecent liberties with the two children living with him merged with his convictions for sodomy. *See United States v. Heard,* 137

U.S.App.D.C. 60, 420 F.2d 628 (1969), *cert. denied,* 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970); *Hall v. United States,* 400 A.2d 1063, 1066 (D.C.1979). We therefore remand to the trial court with directions to vacate the four convictions for taking indecent liberties with these two children.

In all other respects, the judgments of convictions are affirmed.

*So ordered.*